## HUBEL v. WALDIE.

### SAME v. DICK et al.

*(Circuit Court, S. D. New York. June 26. 1888.)*

1. PATENTS FOR INVENTIONS — REISSUE — ENLARGEMENT—MACHINES FOR CUTTING GELATINE CAPSULES.

The sixth claim of letters patent No. 10,807, issued to Frederick A. Hubel, February 8, 1887, for an improvement in machines for cutting off gelatine capsules, being the third reissue of No. 187,279, dated February 13, 1877, described as "the removable mould plate, bearing a series of capsule moulds, secured thereto at regular intervals, combined with and arranged to be held by and withdrawn from the supporting frame when used for the purposes set forth," is not an extension of the claim in the first reissue, No. 8,440, described as "the plate, R, C, in combination with a series of capsule moulds secured thereto at regular intervals, substantially as and for the purposes set forth," the specifications necessarily making a removable frame a part of the combination.

2. SAME—ANTICIPATION.

The said sixth claim is not anticipated by the machines made by Dundas Dick in 1865, described as having moulds connected with frames like window frames, moving up and down, which were attached to the machine, the moulds being brought, by means of a circular motion, over knives fastened to a stationary circular railway, the frames not being removable in any proper sense of the word.

In Equity. On bill for an injunction to restrain the infringement of a patent.

The first suit is by Frederick A. Hubel against James Waldie, committee of Dundas Dick, who was the owner of letters patent No. 305,-867, issued to W. A. Tucker, September 30, 1884.

*Frederick H. Betts*, for plaintiff. *A. G. N. Vermilyea*, for defendants.

SHIPMAN, J. These two bills in equity are based upon the alleged infringement of letters patent No. 10,807, dated February 8, 1887, to Frederick A. Hubel, for an improvement in machines for cutting off gelatine capsules. The original patent, No. 187,279, was dated Feb-

ruary 13, 1877; the first reissue, No. 8,440, was dated October 1, 1878; the second reissue, No. 10,437, was dated January 15, 1884. These two actions are brought to restrain the use of the same machine, which the second defendant uses under authority from the first. A suit in equity for the alleged infringement of reissue No. 10,437, by the use of the same machine, was tried in this court in 1886. The sixth claim of that reissue, and the only one which was infringed, was held to be for a different invention from that claimed either in the original patent or in the first reissue, and to be void because application therefor had been postponed for an unreasonable time. The original patent, the first and second reissues, a description of the patented and the defendant's machines, and the history of the litigation upon the patent are given in the opinions in that case. *Hubel* v. *Dick*, 28 Fed. Rep. 132, 656. No written opinion was given in the case tried upon No. 8,440. After that decision, the plaintiff surrendered No. 10,437, and obtained No. 10,807, for the purpose of avoiding the objections which had been made to the sixth claim. The question in this case turns upon the validity of the sixth claim of No. 10,807, which is as follows:

"6. The removable mould plate, bearing a series of capsule moulds secured thereto at regular intervals, combined with, and arranged to be held by and withdrawn from, the supporting frame, and when used as and for the purposes set forth."

The first reissue was seasonably applied for to correct the manifold imperfections of the original patent; its sixth claim being for "the plate, R, C, in combination with a series of capsule moulds secured thereto at regular intervals, substantially as and for the purposes set forth." If the corresponding claim of the present reissue is for a different invention from that described in and secured by the sixth claim of the first reissue, it is void by reason of the delay in applying for it. The contention of the plaintiff is that it is for the same invention, which a just construction of the quoted claim of No. 8,440 secured, and is so guarded that it claims nothing which may be considered as having been abandoned in No. 10,437. The patented invention gave to the public the first efficient and successful automatic capsule cutting machine. It had no predecessor. The moulds and plate of the sixth claim are a series of moulds or pins arranged in rows, at regular intervals from each other, and secured in upright positions in a plate called a "mould plate." Mere hand plates with moulds were old, but the specification of reissue No. 8,440 pointed out that the moulds secured to the plate "are withdrawn from the frame by turning down the projection, *u,* and then they are immersed in the proper depth in the gelatine prepared for the purpose. After the moulds have received a coating of the gelatine of sufficient thickness, the slides, R, C, are placed on the platform, D, in such position that each of the moulds is presented to the spaces between the cutters." After the capsules have been cut, the slide is withdrawn, placed in the drying kiln to allow the capsules to dry, and a fresh plate is inserted. So much time is required to dry the capsules, and to cool the moulds, that 960 plates are necessary to form a working set for one cut-

ting machine, working at an ordinary rate of speed, so as to permit the machine to be constantly in use. It is obvious that plates or slides removable from a frame into which they can be inserted with their gelatine-covered moulds, and by means of which they are presented to the cuttting mechanism, are necessary in an automatic cutting-machine. The invention of this part of the mechanism was a removable plate or slide, with its moulds, in connection with a frame supporting the same when in place, and necessarily permitting the plate to be removable and withdrawn for the purposes of the machine. Inasmuch as the sixth claim of the first reissue was for the plate moulds "as and for the purposes set forth," and the description was of a plate necessarily removable to and from a frame, and the force of such words puts into the combination of specifically named parts "such other parts or devices as the purposes named in the specification render necessary, in order that the parts specifically named may be operative," I think that the plate, with its moulds, of this claim, is the plate removable to and from a frame, thus making the frame a member of the combination. The law being rigorous against the validity of unreasonable reissues with expanded claims, I am not in favor of giving elastic constructions to old claims for the purpose of sustaining a reissue, but I think that the sixth claim of No. 10,-807 is a return to, and not a new departure from, an unstretched construction of the sixth claim of No. 8,440, and is also limited to the use of the combination in a cutting-machine. The infringement of the sixth claim was proved, and was not denied by any testimony in the record. It was contended by the plaintiff, upon this hearing, that the third and fourth claims were also infringed. This point was not made upon the trial of the *Dick Case*, and I think was properly given up. Those claims are confined to the particular cutting mechanism which is made use of in the machine, and which is described in the patent. The Dick machine of 1865 is again relied upon by the defendants as an anticipation of the sixth claim. It had moulds connected with frames, like window frames, moving up and down, which were attached to the machine. These moulds are said to have been brought, by means of a circular motion, over knives fastened to a stationary circular railway. These frames were a very different thing from the removable mould plates of the Hubel machine; they were not removable in any proper sense of that word. In fact, the two machines and their respective subcombinations have very little in common with each other. There is nothing else in this record, or in that of *Hubel* v. *Dick*, upon reissue No. 10,437, which is of importance upon the subject of invention or patentable novelty. The testimony in the case upon No. 8,440, which, by stipulation, may be read and considered here, and which is applicable to the sixth claim, was directed to the fact that mould plates having a series of capsule moulds secured thereto at regular intervals were old; but that testimony has become unnecessary in view of the statement in the nature of a disclaimer in the present reissue, which is as follows:

"I do not claim broadly any mould plate having a series of capsule moulds, as dishes so arranged, and plates with a handle at the back, have been pre-

viously described as used simply by moulding certain forms of capsules; but I only claim a mould plate having the moulds secured thereto at regular intervals, when the same is used in combination with the frame of an organized capsule cutting machine, so as to be held therein and removable therefrom."

Let there be a decree for the plaintiff against an infringement of the sixth claim of the patent in suit, and for an accounting in respect to the use of that claim.